UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY L. WARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:12-cv-1081-DML-TWP |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security, ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## Decision on Judicial Review

Plaintiff Timothy L. Ware applied in July 2009 for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, alleging that he has been disabled since September 2, 2007. Acting for the Commissioner of the Social Security Administration following a hearing on October 19, 2011, an administrative law judge ("ALJ") found that Mr. Ware is not disabled. The national Appeals Council denied review of the ALJ's decision on June 5, 2012, rendering the ALJ's decision for the Commissioner final. Mr. Ware timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision. The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Mr. Ware seeks remand of the Commissioner's decision on the grounds that the ALJ's (a) credibility determination did not comply with Social Security Ruling 96-7p and (b) residual functional capacity determination did not properly account

for Mr. Ware's breathing difficulties.  The court finds that the ALJ articulated sufficient grounds to support his evaluation of Mr. Ware's credibility and his functional capacity.  Accordingly, the Commissioner's decision is AFFIRMED.

## Background

To prove disability, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Administration ("SSA") has implemented this statutory standard by, in part, prescribing a five-step sequential evaluation process for determining disability.  20 C.F.R. § 404.1520.

The ALJ decided that despite Mr. Ware's back pain and breathing problems associated with degenerative disc disease and chronic obstructive pulmonary disease, he retains the capacity to:  (a) lift and carry up to 50 pounds occasionally and 25 pounds frequently; (b) sit for 8 hours in a work day and stand and walk up to six hours in a work day; (c) occasionally bend, stoop, kneel, crawl, and climb stairs; (c) crouch and squat up to 10 percent of a work day; and (d) frequently push and pull.  He found too that Mr. Ware cannot climb ladders, ropes, or scaffolds; must avoid exposure to unprotected heights; and must avoid "concentrated exposure to extremes of heat, cold, high humidity, fumes, odors, gases, and dust."  (R. 28).  With this RFC and based on the testimony of a vocational expert, the ALJ decided at step five that Mr. Ware was not disabled because there are a substantial number of jobs

available in Indiana, as a laundry worker and packager, consistent with these functional requirements.

This RFC reflects the opinion of a medical expert who testified at the hearing and the ALJ's decision not to accept Mr. Ware's description of more limiting effects of his back and breathing problems.

Judicial review of the ALJ's findings is deferential.  We must affirm if no error of law occurred and if the findings are supported by substantial evidence.  *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001).  Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion.  *Id.*  The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence.  *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

## Analysis

1. **The ALJ's credibility determination is sufficiently grounded in the evidence.**

Social Security Ruling 96-7p prescribes the appropriate process for evaluating credibility and requires an ALJ to consider a claimant's subjective complaints in light of the relevant objective medical evidence, as well as any other pertinent evidence.  That evidence includes the claimant's daily activities, the severity and intensity of the claimant's symptoms, precipitating and aggravating factors, medication, treatment, and other measures to relieve the person's symptoms and their efficacy and side-effects, and any other factors relevant to functional limitations from pain or other symptoms.  *See also* 20 C.F.R. §

404.1529(c)(3). Because the ALJ sees and hears the claimant, his assessment of the claimant's credibility is entitled to special deference from the court. *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008). The court's role is "limited to examining whether the ALJ's determination was 'reasoned and supported,'" and it may not overturn the ALJ's finding unless it is "patently wrong." *Elder v. Astrue,* 529 F.3d 408, 413-14 (7th Cir. 2008). "It is only when the ALJ's determination lacks any explanation or support that [the court] will declare it to be patently wrong and deserving of reversal." *Id.* (internal citations omitted).

Mr. Ware argues that the ALJ's evaluation of his credibility is legally erroneous because the ALJ did not "articulate [his] consideration of each of the six factors enumerated in [Social Security Ruling 96-7p]," and his decision does not reflect the weighing or balancing of specific evidence against the specific factors. (Dkt. 15 at pp. 11-14). But contrary to Mr. Ware's arguments, it is *not* necessary that the ALJ recite findings on every factor, or that he discuss every piece of evidence that might bear on credibility, or that he specify exactly which of the claimant's statements were not credible. *Sawyer v. Colvin,* 512 Fed. Appx. 603 at *5 (7th Cir. 2013) (unpublished) (the principle that ALJs are not required to discuss every piece of evidence applies to a credibility assessment); *Jens v. Barnhart,* 347 F.3d 209, 213 (7th Cir. 2003) (ALJ need not specify which statements were incredible so long as the overall record adequately supports the credibility finding); *Ervin v. Astrue,* 2009 WL 2762840 at *7 (S.D. Ind. Aug. 27, 2009) (ALJ need not recite findings on each factor).

Here, the ALJ's decision provides sufficient insight into the bases for his negative credibility determination, and the reasons outlined by the ALJ rationally reflect negatively on Mr. Ware's credibility. With respect to Mr. Ware's allegations of disabling back pain, the ALJ noted that (a) a radiograph of the lumbar spine was "entirely normal," (b) no medical testing supported complaints of neuropathy, (c) Mr. Ware's only treatment regimen was an over-the-counter pain reliever that alleviated his pain to a "modest" 5 on a 1-10 scale, (d) his physical examination showed he walked normally and retained normal gross and fine motor function, and (e) he had tried to minimize his participation in daily living activities by claiming that his wife took care of all cooking, cleaning, and shopping, but his wife had stated Mr. Ware helped with household chores.

With respect to Mr. Ware's testimony regarding his breathing difficulties, the ALJ cited testing and treatment records that showed the absence of any serious pulmonary problem. He also stressed that Mr. Ware had not used an inhaler in over one year, thus again suggesting that Mr. Ware's breathing problems do not limit Mr. Ware's capacity to work as severely as he claimed. Mr. Ware claims that he did not use an inhaler because he could not afford that treatment. But as the Commissioner points out—and Mr. Ware does not challenge—Mr. Ware chose to spend money on a pack-a-day cigarette smoking habit and on marijuana, which he also smoked regularly, despite acknowledging that smoking exacerbated his breathing difficulties.

5

The court finds that the ALJ articulated relevant evidence that supports his credibility assessment. It is not patently wrong.

### 2. The ALJ's restriction to work environments free of respiratory irritants and extremes in temperature and <u>humidity is supported by substantial evidence.</u>

Mr. Ware contends that the RFC is erroneous because the ALJ's decision does not explain how a person like Mr. Ware, who says he becomes short of breath taking a shower, possibly can work a full-time job at the medium level of exertion. The ALJ is required to include in the RFC only those limitations on work capacity that he finds are supported by the record. As noted above, the ALJ determined that Mr. Ware's descriptions of his breathing problems and the limitations they impose on him were not credible in light of the overall record, particularly because the medical evidence showed only mild pulmonary dysfunction. The ALJ relied on the hearing testimony of Dr. Boyce that Mr. Ware's breathing problems can be accommodated by restricting his work environment to one free of respiratory irritants and extremes in temperature and humidity, and he included those restrictions in his RFC. It is thus supported by substantial evidence and the court finds no basis for reversal.

## Conclusion

Because the ALJ's decision that Mr. Ware is not disabled is supported by substantial evidence, the court AFFIRMS the Commissioner's decision.

So ORDERED.

Date: _09/25/2013_

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system